**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**BRIAN ASHWORTH,**

**Plaintiff,**

**vs.** **5:26-CV-370 (MAD/ML)**

**ONONDAGA COUNTY PROBATION, *et al.*,**

**Defendants.**

---

**APPEARANCES:** **OF COUNSEL:**

**BRIAN ASHWORTH**
Kirkville, New York
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

*Pro se* Plaintiff Brian Ashworth filed a complaint on March 9, 2026, against Onondaga County Probation, Probation Supervisor Paul Helfeld, and Probation Supervisor/Officer Todd Guerin. *See* Dkt. No. 1. Plaintiff also moved to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. On September 10, 2026, Magistrate Judge Miroslav Lovric granted Plaintiff's IFP motion and issued an Order and Report-Recommendation recommending that Plaintiff's complaint be dismissed in part and permitted to proceed in part. *See* Dkt. No. 5. On September 23, 2026, Plaintiff filed objections. *See* Dkt. No. 6.

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A proper objection must be timely, specific, and "not raise new arguments not

previously made before the magistrate judge." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (citation omitted). When a party declines to file objections, or "fails to properly object[,]" the district judge reviews the report-recommendation for clear error. *Id.* at 358-59. After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the Order and Report-Recommendation, Magistrate Judge Lovric first outlined the facts of Plaintiff's complaint. *See* Dkt. No. 5 at 2-4. In large part, Plaintiff does not object to that recitation and the Court finds no clear error regarding the same. Magistrate Judge Lovric then explained the legal standards applicable to the case. *See id.* at 4-14. Plaintiff does not object to the law as discussed by Magistrate Judge Lovric and the Court finds no clear error in that aspect of the decision.[1]

As to whether Plaintiff's complaint sufficiently stated any claims, Magistrate Judge Lovric first concluded that Plaintiff's claims against Onondaga County Probation should be dismissed because the probation office is not a proper defendant. *See* Dkt. No. 5 at 7. Rather, Onondaga County (the "County") is the proper defendant. *See id.* Plaintiff does not object to that conclusion, and the Court agrees. *See, e.g.*, *Piotrowski on behalf of J.P. v. Rocky Point Union Free Sch. Dist.*, 462 F. Supp. 3d 270, 288 (E.D.N.Y. 2020) ("Piotrowski cannot maintain an action against the Suffolk County Department of Probation because it is an administrative arm of the municipality"). Magistrate Judge Lovric then recommended that the Court dismiss the claims against the County because "Plaintiff fails to assert facts plausibly suggesting a policy or custom, which would support municipal liability based on these facts." Dkt. No. 5 at 7. Plaintiff objects

[1] The Court assumes Plaintiff's familiarity with the law set forth in the Order and Report-Recommendation.

to this conclusion, arguing that the County is liable "for the 6 months 22 days of incarceration" because his license was wrongly suspended, probation officers lied to a district attorney, and the state court judge knew Plaintiff's rights were being violated. Dkt. No. 6 at 1.

"[P]laintiffs who sue local governments under Section 1983 must prove that their injury resulted from 'action pursuant to official municipal policy.'" *Jimenez v. City of New York*, __ F.4th __, 2026 WL 2617389, *17 (2d Cir. Sept. 4, 2026) (quoting *Monell v. Depart. of Soc. Serv. of City of New York*, 436 U.S. 658, 691 (1978)). "In other words, to prevail on a Section 1983 claim against a municipality based on the unconstitutional acts of municipal employees, 'a plaintiff [must] plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" *Id.* (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)).

Plaintiff has not alleged an official policy or custom that caused the purported constitutional violations. *See* Dkt. No. 1. To be sure, "a single decision by a designated policymaker may be sufficient to establish the existence of municipal policy under *Monell*." *Levin v. City of Buffalo*, 179 F.4th 132, 140 (2d Cir. 2026) (citation omitted). "'Where a city official "has final authority over significant matters involving the exercise of discretion," his choices represent government policy.'" *Id.* (quoting *Gronowski v. Spencer*, 424 F.3d 285, 296 (2d Cir. 2005)). However, "[a]n allegation of policy-making authority . . . requires proof of the official's scope of employment and his role within the municipal or corporate organization.'" *Id.* at 141 (citation omitted). Likewise, "'[a] municipality cannot be held liable on the theory of respondeat superior; the plaintiff must establish that the municipality's policy or custom itself was a moving force of the constitutional violation.'" *A.P. v. Dannhauser*, No. 25-1030, 2025 WL

3120444, *2 (2d Cir. Nov. 7, 2025) (summary order) (quoting *Chislett v. New York City Dep't of Educ.*, 157 F.4th 172, 184 (2d Cir. 2025)) (additional quotation marks and citation omitted).

Plaintiff's allegations that certain County probation officers, attorneys, and/or judges engaged in conduct that violated his constitutional rights is insufficient to allege the County's liability. As such, the complaint, insofar as it can be construed against the County, must be dismissed. The Court agrees with Magistrate Judge Lovric, however, that Plaintiff should be given an opportunity to amend this aspect of his *pro se* complaint. *See* Dkt. No. 5 at 14-15.

Next, Magistrate Judge Lovric recommended that the following claims be dismissed without leave to amend: a due process claim related to Plaintiff's alleged unlawful incarceration, and a malicious prosecution claim. *See id.* at 15. Magistrate Judge Lovric concluded that a due process claim would be duplicative of a Fourth Amendment claim. *See id.* at 13-14. Plaintiff does not object to this conclusion, *see* Dkt. No. 6, and the Court finds no clear error in the same. *See Mazzone v. Town of Southampton*, 283 F. Supp. 3d 38, 48 (E.D.N.Y. 2017), *R. & R. adopted as modified*, 2017 WL 6017357 (E.D.N.Y. Dec. 1, 2017) (collecting cases).

Plaintiff also does not object to Magistrate Judge Lovric's conclusion that Plaintiff cannot state a Fifth Amendment due process claim because he does not name any federal officials as defendants. *See* Dkt. No. 5 at 12-13. The Court agrees. *See Burrell v. Van Winkler*, No. 6:24-CV-1169, 2024 WL 4957174, *5 (N.D.N.Y. Oct. 30, 2024), *R. & R. adopted*, 2024 WL 4834215 (N.D.N.Y. Nov. 20, 2024) (collecting cases).

As to Plaintiff's malicious prosecution claim, Magistrate Judge Lovric explained that because Plaintiff alleged that he admitted to a probation violation, his malicious prosecution claim cannot proceed. *See* Dkt. No. 11-12. To bring a malicious prosecution claim, Plaintiff must plead, in part, "'termination of the proceeding in plaintiff's favor[.]'" *Willey v. Kirkpatrick*, 801

F.3d 51, 70 (2d Cir. 2015) (quoting *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010)). Plaintiff has not presented any information in his complaint or objections which can be construed as him receiving a favorable termination. Therefore, Magistrate Judge Lovric is correct to recommend dismissal. The Court also agrees that this claim, along with the due process claims, should be dismissed without prejudice and without an opportunity to amend because leave to amend appears futile.

Finally, as to Plaintiff's false imprisonment claim, Magistrate Judge Lovric's recommendation is two-fold: to dismiss a claim for false imprisonment from April 1, 2025, to October 23, 2025; but to permit a claim to proceed concerning Plaintiff's incarceration from March 25, 2025, until March 26, 2025. *See* Dkt. No. 5 at 9-10. Plaintiff takes no issue with the latter recommendation. *See* Dkt. No. 6. Finding no clear error, the Court will order the same. Plaintiff objects, however, to the dismissal of his false imprisonment claim related to his incarceration from April to October of 2025. *See* Dkt. No. 6.

First, Plaintiff notes that he was released from imprisonment on October 17, 2023, not October 23, 2025. *See id.* at 1. He then states that he does "not believe the facts are being clearly presented" because he has "proof that they lied on the same exact paper that [he] made no attempts at treatment" despite his success in treatment. *Id.* Plaintiff also contends that he has Freedom of Information Law requests and videos which will show that the individual Defendants lied to attorneys to get Plaintiff placed in jail. *See id.* at 1-2. Plaintiff states that if the individual Defendants "did not lie [he] would not have been incarcerated [] so that time is to be compensated . . . ." *Id.* at 2.

In his complaint, "Plaintiff does not deny [d]rug use," that he drove outside of the County on one occasion, and that he moved his vehicle without permission. Dkt. No. 1 at 3. Although

Plaintiff provides justifications and explanations for these instances, he does not negate their truth and that they were some of the reasons he was charged with having violated his conditions of probation. Plaintiff alleged in his complaint that he pled guilty to the violation that he drove outside of the County. *See id.* at 4. As Magistrate Judge Lovric explained, "a plaintiff is not entitled to damages under § 1983 for false arrest so long as the arrest itself was supported by probable cause, regardless of whether probable cause supported any individual charge identified by the arresting officer at the time of arrest." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006); *see* Dkt. No. 5 at 9-10; *Crews v. Cnty. of Nassau*, 996 F. Supp. 2d 186, 203 (E.D.N.Y. 2014) ("Under New York law, 'the tort of false arrest is synonymous with that of false imprisonment,' and courts use that tort to analyze an alleged Fourth Amendment violation in the Section 1983 context") (quoting *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991)).

Plaintiff's statements in his objections that he has "evidence" to prove that the individual Defendants lied regarding Plaintiff attending and completing treatment does not negate his admission to violating a travel restriction. Dkt. No. 6. Because it appears that there was probable cause for Plaintiff's confinement between April and October of 2023 based on at least one of the probation violations, the false imprisonment claim shall not proceed. However, because Plaintiff is *pro se*, the Court will permit him an opportunity to amend this aspect of his complaint. *See Collymore v. Krystal Myers, RN*, 74 F.4th 22, 27 (2d Cir. 2023) ("*Sua sponte* dismissal of pro se prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court") (citation and quotation marks omitted).

After carefully reviewing the Order and Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Order and Report-Recommendation (Dkt. No. 5) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice and without leave to amend** as to the claims against Defendant Onondaga County Probation, a denial of due process claim, and a malicious prosecution claim; and the Court further

**ORDERS** that Plaintiff may file an amended complaint within **THIRTY (30) DAYS** of the date of this Order concerning his false imprisonment claim and claims against Onondaga County; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** of the date of this Order, the Clerk of the Court shall effectuate service of Plaintiff's complaint for his claim of false imprisonment related to his incarceration for 28 hours beginning on March 25, 2025, against Defendants Helfeld and Guerin in their individual capacities, and terminate the remaining Defendants; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 19, 2026
Albany, New York

Mae A. D'Agostino
U.S. District Judge